UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:18-CV-38-FDW-DCK

| CHARLOTTE-MECKLENBURG HOSPITAL AUTHORITY, d/b/a CAROLINAS HEALTHCARE SYSTEM, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | ORDER |
| vs. | ) ) ) | |
| DENISE DIANE KINSINGER a/k/a DENISE D. KINSINGER AND ERIC KINSINGER a/k/a ERIC M. KINSINGER | ) ) ) ) | |
| Defendants. | ) ) | |

THESE MATTERS are before the Court upon Plaintiff's motion to remand for lack of subject matter jurisdiction (Doc. No. 30) and Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) or in the alternative to consolidate with a related case[1] (Doc. No. 28). For the following reasons, Plaintiff's motion to remand is GRANTED, Defendants' motion to dismiss is DENIED as moot, and Defendants' motion to consolidate is DENIED as moot.

**I.    Factual Background**

Plaintiff Charlotte-Mecklenburg Hospital Authority provided medical services to Defendant Denise Kinsinger ("Mrs. Kinsinger") on January 8, 2016. (Doc. No. 30-1, p. 2). At the time, Mrs. Kinsinger was covered under her husband's—Defendant Eric Kinsinger's ("Mr. Kinsinger")—employee health care plan. Plaintiff became the beneficiary of Defendants' plan

---

[1] Case 3:17-cv-00643-FDW-DCK. Here, Defendants Kinsingers sue, among others, Defendant Eric Kinsinger's employer, SmartCore, LLC ("SmartCore"). The dispute involves whether the Kinsingers or SmartCore, through an employee insurance plan, are responsible for paying the Kinsingers' medical bills, including the medical bills that are in dispute before the Court today.

1

upon a requirement by Plaintiff in order to proceed with the medical treatment, which was agreed to by Defendants. (Doc. No. 37, pp. 4-5). Plaintiff notes additional treatment of Mrs. Kinsinger was performed by Plaintiff on October 13, 2014, prior to the Defendants' obtainment of the health insurance plan. (Doc. No. 30-1, p. 2).

Following Mrs. Kinsinger's January 2016 procedure, Mr. Kinsinger's employee health care plan was retroactively cancelled. A dispute involving this cancellation of the plan between the Kinsingers and Mr. Kinsinger's employer and the health insurance provider is the subject of litigation in the related case to this action. Nonetheless, Defendants claim that because Plaintiff became the beneficiary of the healthcare plan, the dispute over payment for Mrs. Kinsinger's medical treatment should be between the hospital and Mr. Kinsinger's employer's health insurance company, not between the hospital and the Kinsinger's. Plaintiff disagrees, arguing the plan was not held by Defendants for the date of the October 2014 treatment and the plan had been retroactively cancelled for the date of the January 2016 treatment.

## II. Standard of Review

Except as otherwise provided by law, a defendant may remove a state civil action to federal district court where the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Among those cases of which the district courts have original jurisdiction are civil cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court must "construe [removal jurisdiction] strictly in light of the federalism concerns inherent in that form of federal jurisdiction." In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 583 (4th Cir. 2006). The burden is on the party seeking removal to demonstrate that federal jurisdiction is proper. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). "If at any time before final judgment it appears that the district

2

court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). If a case is remanded after transfer of venue in federal court, the appropriate court to receive the remand is still the court where the action originated. Bloom v. Barry, 755 F.2d 356, 357-358 (3d. Cir. 1985).

Essential to this action before the Court is the Employment Retirement Income Security Act of 1974 ("ERISA"). ERISA provides that without a specified exemption, ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ." 29 U.S.C. §1144(a). ERISA protects employee policyholders from litigation involving insurance-related disputes. "The principal object of [ERISA] is to protect plan participants and beneficiaries." Boggs v. Boggs, 520 U.S. 833, 845 (1997). "ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983).

### III.  Analysis

A. Motion to Remand

Plaintiff originally filed this case asserting a state law breach of contract claim in South Carolina state court. (Doc. No. 1-1). Defendants removed this case to federal court, contending federal question jurisdiction exists in that Plaintiff's cause of action is actually governed by the federal ERISA statute. (Doc. No. 1). Plaintiff now moves to remand the case before the Court based on a lack of subject matter jurisdiction. (Doc. No. 30). Plaintiff's motion to remand is based on its allegation that ERISA preemption of state law does not apply to the specific facts of this case. ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . ." 29 U.S.C. §1144(a). More specifically, preemption exists through ERISA when considering a three-part test:

> (1) [T]he plaintiff [has] standing under § 502(a) to pursue its claim; (2) its claim "fall[s] within the scope of an ERISA provision that [it] can enforce via § 502(a)";

3

and (3) the claim [is not] capable of resolution "without an interpretation of the contract governed by federal law," i.e., an ERISA-governed employee benefit plan.

Prince v. Sears Holding Corp., 848 F.3d 173, 177 (4th Cir. 2017) (quoting Sonoco Products Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 372 (4th Cir. 2003)).

Plaintiff appears to meet the first two factors from this test through Defendants' conveyance of plan benefits to Plaintiff for the January 2016 treatment. First, although Plaintiff's claim arises from a state law contract dispute, it relates to ERISA because at the time of the 2016 treatment, Plaintiff and Defendants agreed to make Plaintiff the beneficiary of Defendants' health care plan in exchange for medical treatment. Indeed, Plaintiff sought and obtained preapproval of the treatment from the health insurer. (Doc. No. 37, p. 8). ERISA benefits may transfer from policyholders to healthcare providers and other organizations. Brown v. Sikora & Assocs., 311 Fed. Appx. 568, 570 (4th Cir. 2008). Such a transfer took place on Plaintiff's January 2016 treatment date of Defendant Mrs. Kinsinger. This transfer provides standing for Plaintiff to sue under ERISA. Thus, the first requirement from the above three part-test is met through Plaintiff's status as beneficiary for Defendants' policy for the January 2016 treatment of Defendant Mrs. Kinsinger.

The second prong of the three-part test is met with respect to the 2016 claim in a similar way to the first prong. According to 502(a)(1)(B), a suit may be brought by the beneficiary "to recover benefits due to [it] under the terms of the plan[.]" 29 U.S.C. § 1132. Plaintiff's claim falls within an ERISA provision here for the same reason as the first prong—the transfer of benefits from Defendants to Plaintiff on the date of the January 2016 treatment. Thus, it is possible for the ERISA claim to be enforced by Plaintiff. This is not changed by the fact that Plaintiff seeks for this to instead be a state law contract claim.

The third prong, however, is not met for two important reasons. First, one of the medical

treatments involving the dispute between Plaintiff and Defendants occurred prior to time period in which Defendants held their ERISA healthcare plan. Second, the latter treatment occurred during a time period in which the plan had been retroactively cancelled by a third party. Whether or not this cancellation was valid is not before the Court in this case. Therefore, this contract dispute may be "capable of resolution 'without an interpretation of the contract governed by federal law,' i.e., an ERISA-governed employee benefit plan." See Prince, 848 F.3d at 177 (4th Cir. 2017). Since neither treatment from Plaintiff's claim currently involves an ERISA plan, both cases can certainly be resolved without an interpretation of ERISA, and the third requirement for preemption is therefore not met. Thus, this Court lacks subject matter jurisdiction to hear Plaintiff's claim. Without a federal question, there is no basis for the case to remain in federal court. As Plaintiff correctly asserts, without preemption, this claim is but a breach of contract state law collection claim. (Doc. No. 30-1, p. 2).

As Defendants note, Plaintiff consented to transfer of venue to this Court, and this motion is brought more than six months after the case was removed to federal court. (Doc. No. 37, p. 1). Nonetheless, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Now, Plaintiff has made apparent that this Court lacks subject matter jurisdiction, and the case therefore shall be remanded.

In Plaintiff's motion to remand, Plaintiff asks that the case be remanded to the South Carolina state court where the case originated. (Doc. No. 30). While Defendants object to remand generally, they do not object to the South Carolina state court where this action arose in the event that the Court finds remand appropriate. Indeed, such an objection would be immaterial as the court where the action originated is the only appropriate court that a federal court may remand to—even after the case has been transferred in federal court. Bloom, 755 F.2d at 357-358; see also

Rice v. Rutledge Road Associates, No. 1:15-CV-00269-MR, 2016 WL 7322790, at *2 (W.D.N.C. Dec. 16, 2016). Therefore, this case will specifically be remanded to the York County, South Carolina state court where it originated.

B. Plaintiff's Motion to Dismiss

Because Plaintiff's motion to remand for lack of subject matter jurisdiction is granted, Defendants' motion to dismiss for failure to state a claim is moot and need not be considered.

C. Plaintiff's Motion to Consolidate

Likewise, because Plaintiff's motion to remand for lack of subject matter jurisdiction is granted, Defendants' motion to consolidate with the related claim in the alternative of dismissing for failure to state a claim is moot and need not be considered.

### IV. Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand for Lack of Subject Matter Jurisdiction (Doc. No. 30) is GRANTED, Defendants' Motion to Dismiss for Failure to State a Claim or to Consolidate in the Alternative (Doc. No. 28) is DENIED.

IT IS SO ORDERED.

Signed: June 21, 2018

Frank D. Whitney
Chief United States District Judge